IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



RONALD "JOE" DURASTANTI      PLAINTIFF

VS.      CAUSE NO.: 3:17cv679DPJ-FKB

LIFE INSURANCE COMPANY      DEFENDANTS
OF NORTH AMERICA d/b/a
CIGNA GROUP INSURANCE

## COMPLAINT

COMES NOW, the Plaintiff RONALD "JOE" DURASTANTI, by and through his attorneys of record, and files this, his *Complaint*, against Defendant Life Insurance Company of North America d/b/a CIGNA Group Insurance governed by the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff would respectfully show unto the court the following:

### PARTIES

1. Plaintiff, Ronald "Joe" Durastanti, is an adult, resident citizen of Madison County, Mississippi and resides at 149 Vinings Drive, Madison, Mississippi 39110. As an employee of the Mississippi State Department of Health, Plaintiff was a participant in the Life Insurance Company of North America's Long Term Disability Program, an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

2. Defendant Life Insurance Company of North America d/b/a CIGNA Group Insurance, a CIGNA company is incorporated in Delaware with its principal place of business located at 1601 Chestnut Street, Two Liberty Place, Philadelphia, PA 19192. Process may be served upon said Defendant by service upon the Mississippi

Commissioner of Insurance, Mike Chaney, at the Mississippi Insurance Department, 1001 Woolfolk State Office Building, 501 North West Street., Jackson, Mississippi 39201 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure. Line Insurance Company of North America b/b/a CIGNA Group Insurance is the administrator of a Long Term Disability Benefits Program within the meaning of section 3(16)(A)(i) of ERISA, 29 U.S.C. § 1002(16)(A)(i).

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTS

5. Plaintiff suffered an initial injury on or about December 4, 2012, resulting in injuries to his right upper extremity, right shoulder, right arm, left upper extremity, left arm, neck, back, left leg, left lower extremity, and body as a whole.

6. At the time of his injury, Plaintiff was an employee of Mississippi Department of Health.

7. Due to his injuries, Plaintiff is unable to perform the material and substantial duties of his and any other occupation. Plaintiff is totally disabled from his work due to his injury.

8. At the time of his injury, Plaintiff was a participant in and beneficiary of an employee welfare benefit plan, established by his former employer, as defined by ERISA, 29 U.S.C. §1002(1). Said plan was a group term insurance policy with Defendant, Life Insurance Company of North America d/b/a CIGNA Group Insurance bearing policy number VDT-960742.

9. Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated, the Defendant is a proper party in the matter.

10. After Plaintiff became disabled because of the above-referenced problems, Plaintiff was forced to cease working and file a claim for long term disability benefits.

11. After a period of time, Defendant approved Plaintiff's claim for long term disability benefits and began to pay monthly benefits in accordance with Defendant's long term disability insurance policy.

12. Plaintiff received benefits for the period of July 10, 2013 through July 9, 2014.

13. Despite Plaintiff's continued compliance with Defendant's requests for medical information and periodic medical reports, by letter dated November 19, 2014 and by phone conversation on or before November 17, 2014 the Defendant erroneously determined that Plaintiff was no longer entitled to Long Term Disability benefits.

14. Under Plaintiff's disability policy, the first two (2) years of benefits were payable as a result of the Plaintiff's inability to perform the material duties of his regular occupation and unable to earn 80% or more of his Indexed Earning from working on his regular occupation.

15. Thereafter, Plaintiff continues to be eligible for disability benefits under his policy because he is unable to perform the material duties of any occupation, and unable to earn 60% or more of his Indexed Earnings.

16. Plaintiff appealed Defendant's decision by letter on November 17, 2014 and again on February 25, 2016.

17. Since the date of injury, Plaintiff was under the care of Dr. Wolf, Dr. Lansom, Dr. Johnson, Dr. Gamble and multiple other doctors who confirm and support Plaintiff's claim for disability.

18. More than 30 days have passed since Plaintiff sent his second letter. Defendant has not responded.

19. Plaintiff has exhausted all administrative remedies available under the long term disability policy to the extent of the law in regards to all causes of action raised in the complaint.

## Count One: Claim for Benefits Under the Plan

20. The Plaintiff incorporates by reference each and every averment made in the paragraphs above.

21. Defendant arbitrarily and capriciously discontinued benefits as of November 5, 2014, by selectively choosing evidence that supported its position and ignoring the medical evidence that supported Plaintiff's disability to perform the material duties of any occupation and earn 60% of his indexed earnings.

22. Defendant did not provide Plaintiff with a full and fair review nor provide specific grounds for its denial of Plaintiff's benefits claim.

23. Based on the medical records available and provided, Defendant either knew or should have known that Plaintiff did suffer a work related injury, and his accident and subsequent injuries were related to the initial work injury. Thus, Defendant should have compensated him fully under the policy and according to the plan.

24. Because Plaintiff is disabled under the terms of the policy and is unable to perform any gainful employment Defendants have terminated and refused to resume disability benefits under the plan and in contravention of the medical evidence.

## Count Two: Breach of Fiduciary Duty

25. Plaintiff incorporates by reference each and every averment made in the above mentioned paragraphs.

26. Defendant violated ERISA as alleged in this complaint and has failed to pay the covered benefits claimed by plaintiff, and to which the plaintiff is entitled, as identified in Count One.

27. Accordingly, Defendant has failed to discharge its fiduciary duties with respect to the plan solely in the interests of its participants for the exclusive purpose of providing benefits to the participants as required by section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. § 1104(a)(1)(A)(i), with the care, skill, prudence and diligence required of them by section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B), and in accordance with the documents and instruments governing the plan as required by section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D). As a result, Plaintiff was wrongfully denied long term disability benefits owed to him under the Hartford's Long Term Disability Plan.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff RONALD "JOE" DURASTANTI, demands judgment from Defendant Life Insurance Company of North America d/b/a/ Cigna Group Insurance and requests the Court to grant relief as follows:

    a. Declare that Defendant is obligated to pay all sums owed to Plaintiff

    b. Award Plaintiff the costs of this action and reasonable attorney's fees; and

c. Award such other relief as may be just and proper

This, the 16TH day of August, 2017.

Respectfully submitted,

_____
Rogen K. Chhabra

_____
Ray L. Gustavis

**ATTORNEYS FOR PLAINTIFF:**

Rogen K. Chhabra, MSB #99131
Ray L. Gustavis, MSB#105344
CHHABRA & GIBBS, P.A.
120 N. Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601)948-8005
Facsimile:   (601)948-8010
rchhabra@cglawms.com
rgustavis@cglawms.com